Judge Graham
delivered the opinion of the Court.
These ai'e cases of warrants, in trespass on the case, issued by a Justice of the Peace against Highbaugh for failing and refusing to issue executions in accordance with judgments, theretofore rendered by him as a Justice of the Peace, in favor of the plaintiff against Lemons; each of the judgments being, for a sum less than five pounds.
On the trial of these warrants, judgments were rendered for the defendant against the plaintiff for costs. The plaintiff appealed, and filed his appeal with the Clerk of the County Court. Summons on the appeal having been executed on Highbaugh, he appeared at the January term of the County Court, but the plaintiff failing to appear and prosecute his suit, (having perhaps discovered that he had not appealed to the proper Court,) the Court dismissed his suit, and rendered a judgment that the defendant recover of the plaintiff one hundred and fifty pounds of tobacco, at the rate of one penny per lb., and also his costs expended, &c.
Each of these judgments is now, by writ of error, fosfore us. Justices of the Peace had not jurisdiction of cases of trespass, or trespass on the case, until it was conferred upon them by the act of 12th February, 1840: (3 Stat. Law, 378.) The fourth section of that act gives to the Parties 1¡tigant the right of appeal to the Circuit Court; and provides that, on an appeal, a *197 declaration, shall be filed, and the cause proceeded on, as though commenced in the Circuit Court. When the debt, or damages, sought to be recovered before a Justice of the Peace are under five pounds, the law until the passage of that act directed the appeal to the County Court.
The statute of 1840, giving jurisdiction in cases of trespass and trespass on the case to Justices of the Peace, authorizes ail appeal to the Circuit Court only.
•®d-g^bJep(J because impropcounty'^Court? been toSe hCiremt Court, no be adjudged afanf onitsPPis^iSg“stgbutonly
The iCo?rt of Appeals has no jurisdiction to of‘^“county Court affirming or reversing a judgment of a Justice of th® Peace, But it may revise a judgment dismissing ¡such case and improperly adjudging costs.
*197 That act, however, which confers on that officer a right to adjudicate in a class of complaints for injuries not theretofore within the pale of his jurisdiction, gives to the party, supposing himself aggrieved by his judgment, an appeal, not to the County Court, but to the Circuit Court, and prescribes for the trial in the latter Court, the filing of a declaration, &c. As the act conferring the jurisdiction on the magistrate, expressly designates the Circuit Court, as the tribunal to which an appeal shall be taken, and designates the proceedings to be had in the Circuit Court, it follows, that the appeals in these cases were improperly filed in the County Court, that Court not having any authority to entertain jurisdiction thereof.
The law awards 150 lbs. of tobacco, at a penny a pound, as damages against a plaintiff, who failing to prosecute his suit, shall be non-suited. But when the law forbids the plaintiff from further prosecuting his suit, it surely cannot be right to amerce him in damages for failing to do that which, by law, he could not do. It seems to us, therefore, that in each of these cases, it was error to render a judgment against the plaintiff for the tobacco. But as Waggener brought the case into the County Court, and the parties were within the jurisdiction of .that Court, which generally has jurisdiction by appeal upon all judgments for sums less than five pounds, it seems to us that the judgment for costs incurred by the defendant, was not improperly rendered, notwithstanding the County Court could not rightfully try the appeal.
It is, however, insisted that this Court cannot enter- . . . _ . tam jurisdiction of the writ of error prosecuted from the judgment of the County Court. The act to amend *198 “an act establishing the Court of Appeals,” approved December 1801, (1 Stat. Law, 133,) enacts “that no appeal shall be taken from the County Court on a judgment affirming or reversing the judgment of a Justice of the Peace, nor shall a writ of error be issued from the Court of Appeals to reverse the same.” If the judgment of the County Court, be either an affirmance or reversal of the judgment of the Justice, it is manifest that this Court cannot revise that judgment or correct any errors in it; but if it be not either, then, as this Court has the power-to affirm or reverse the judgments of all inferior Courts in the Commonwealth, except in cases where that power is restricted by law, we may and should, where a case is brought before us, and not thus restricted, do justice to the parties litigant, by correcting an erroneous judgment. It will be seen, by an inspection of the judgments or orders of the County Court, in these cases, that there is neither an affirmance or reversal of the judgment of the Justice of the Peace. The plaintiff’s appeal is dismissed because of his failure to prosecute his suit, and damages and costs awarded against him; but not a word is said about the judgment of the Justice. Suppose that Court had had jurisdiction of the appeal, and that the time allowed by law for prosecuting an appeal had not expired, could this judgment, or order of the County Court, have been plead in bar to an appeal subsequently prosecuted? It seems to us it could not have been so plead. There was no trial on the merits; but, in fact, only a non-suit of the plaintiff for failing to appear and prosecute his suit. We think themases do not come within the interdict of the act of 1801, and not being forbidden, this Court may entertain jurisdiction of these writs of errors. •
Being of the opinion that the judgments of the County Court are erroneous, so far as they award damages of 150 lbs. of tobacco against the plaintiff, the judgment in each case, is, therefore, reversed, and remanded to that Court, with directions to render judgment in *199 accordance with this opinion. Each party to pay his own costs in this Court.
Waggener for plaintiff; Craddock for defendant.